UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WIGBERTO E. VIERA,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA; DEA
SPECIAL AGENT TODD RILEY; AUSA
TATIANA R. MARTINS; MAGISTRATE
JUDGE SARAH NETBURN,

                Defendants.

24-CV-01862 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have

violated his rights. Named as Defendants are the United States of America; Drug Enforcement

Agency (DEA) Agent Todd Riley; Assistant United States Attorney (AUSA) Tatiana R. Martins;

and United States Magistrate Judge Sarah Netburn. By order dated April 4, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of

fees.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Wigberto Viera, using the court's general complaint form and invoking the court's federal question jurisdiction, asserts that Defendants conspired to violate his constitutional rights under the Fourth, Fifth and Fourteenth Amendments. (ECF 1 at 7.) The following facts are drawn from the complaint and publicly available court records.

In October 2013, Agent Riley: (1) spoke with a confidential informant (CI) about "alleged conversations the CI claimed to have had with" Plaintiff in 2004 "regarding drugs, guns & robberies"; (2) directed the CI to "troll the streets of Camden, New Jersey" to find Plaintiff and "offer him . . . an opportunity to violate" federal laws; and (3) "relied" on that information,

without investigating its veracity or doing any independent investigation, to arrest Plaintiff. (*Id.* ¶¶ 1-4.) During the arrest, Plaintiff was "assaulted, battered, defamed, stripped naked, finger-printed, swabbed for DNA, and questioned without consent." (*Id.* at 8.)

On January 9, 2014, during Plaintiff's arraignment in this court before Judge Netburn in *United States v. Viera*, ECF 1:14-CR-0083-1, Agent Riley "fraudulently presented a criminal complaint approved by" AUSA Martins, and together they "swindled" Judge Netburn "into supporting" Plaintiff's false imprisonment. (*Id.* ¶¶ 6-8.) Among the attachments to the complaint is an unsigned copy of the criminal complaint. Plaintiff asserts that the lack of "any signature by [Judge Netburn] proves that probable cause lacked the necessary element to support the allegation but imprisonment of the Plaintiff was indeed possible." (*Id.* ¶ 8 and 17-24.) A jury found Plaintiff guilty of participating in a narcotics and weapons conspiracy, and on April 8, 2021, Judge Ramos sentenced him to 180 months' imprisonment. ECF 1:14-CR-0083, 213 (ER), *aff'd*., 21-957-cr (2d Cir. July 6, 2022). Plaintiff seeks $150 million in damages and to be released from custody. (ECF 1 ¶ IV.)

On May 14, 2024, an amended complaint was docketed in this case in which Plaintiff invokes the Federal Tort Claims Act. (*Id.* at 1.) The amended complaint contains no specific factual allegations.[1]

## DISCUSSION

### A.    Constitutional Claims

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims based

---

[1] An amended complaint usually replaces any previously filed pleadings, but in light of Plaintiff's *pro se* status, the Court will consider the allegations and claims in both complaints.

on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under 42 U.S.C. § 1983."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution.[2] *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* provides only for money damages; injunctive or declaratory relief is not available under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities.").

1. **Timeliness of Claims Against Agent Riley**

Plaintiff alleges that Agent Riley engaged in conduct that led to his false arrest. Even if the Court assumes that Plaintiff provided facts to support a claim against Agent Riley that falls within the *Bivens* contexts previously recognized by the Supreme Court, his claims are untimely.

---

[2] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). In recent decisions, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action"). For the reasons set forth in this order, the Court need not reach the issue of whether a *Bivens* claim for money damages may lie against federal officials based on Plaintiff's allegations.

Claims brought under *Bivens* borrow the statute of limitations for claims under 42 U.S.C. § 1983. *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). The limitation period for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Under federal law, claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff's original complaint is dated February 29, 2024, and is deemed filed as of that date. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001) (noting that under the "prison mailbox rule," a prisoner's document is deemed filed on the date that he gives it to prison officials for mailing); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Therefore, Plaintiff is precluded from pursuing any claims under *Bivens* that accrued before February 29, 2021.

Plaintiff brings this action asserting claims arising out of conduct that occurred in 2013 and 2014. It therefore appears that the statute of limitations period for Plaintiff's claims expired well before he filed this action and that any claims he seeks to assert under *Bivens* are time barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

*See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)

("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

circumstances where the facts supporting the statute of limitations defense are set forth in the

papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v.*

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on

statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court

should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on

statute of limitations grounds).

      The doctrine of equitable tolling permits a court, "under compelling circumstances, [to]

make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S.*

*Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be

equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact

that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego

a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.[3]

      The Court grants Plaintiff leave to file a second amended complaint to replead his claims

against Riley and to provide facts showing why the claims should not be deemed time-barred.

---

[3] Because Plaintiff's complaint appears to be untimely filed, the Court need not at this stage address whether Plaintiff's claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

2.    **Magistrate Judge Netburn**

Even if Plaintiff's complaint could be construed as implicating a *Bivens* claim, it would still have to be dismissed as against Magistrate Judge Netburn. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Netburn acted beyond the scope of her judicial responsibilities or outside her jurisdiction.[4] *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Netburn for "acts arising out of, or related to, individual cases before" her, she is immune from suit for such claims.[5] *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's *Bivens* claims against Judge Netburn under the doctrine of judicial immunity, 28

---

[4] In addition to signing the criminal complaint, Judge Netburn handled other preliminary matters, including signing orders directing that Plaintiff receive medical treatment and appointing counsel under the Criminal Justice Act. No. 14-CR-0083-1, ECF Nos. 2-4. She had no involvement in Plaintiff's case after that.

[5] Contrary to Plaintiff's allegations, the criminal complaint that is docketed in Plaintiff's criminal matter is signed. ECF 1:14-CR-00083, 1.

U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### 3.    AUSA Martins

In the same vein, even if Plaintiff had alleged facts implicating a *Bivens* claim, it would also have to be dismissed as against AUSA Martins. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against AUSA Martins are based on actions within the scope of her official duties and associated with the conduct of a trial. Therefore, these claims are

dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 4.    The United States

The purpose of an implied *Bivens* action for damages "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Accordingly, the only proper defendant for a *Bivens* claim is an individual federal official. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). The United States is not an individual federal official subject to a suit for damages under *Bivens*. Any *Bivens* claim that Plaintiff is asserting against the United States is therefore dismissed for failure to state a claim on which relief may be granted.

### B.    Tort Claims

The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

In the amended complaint, Plaintiff invokes the Federal Tort Claims Act (FTCA), which

provides a waiver of sovereign immunity for certain claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. An FTCA claim is not available for a violation of a constitutional right. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

To the extent Plaintiff seeks to recover damages for torts allegedly committed against him by Riley or other federal employees, the proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Specifically, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a).

Plaintiff has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action; nor has he alleged facts showing that it has been more than six months since he has filed such an administrative claim. As Plaintiff does not allege or show that he exhausted his claims prior to bringing this action, the FTCA does not provide a waiver of sovereign immunity in this case. Therefore, Plaintiff's tort claims, which are construed as brought against the United States, are barred under the doctrine of sovereign immunity.

Because Plaintiff may be able to allege facts showing that he exhausted a claim under the FTCA by filing an administrative claim with the appropriate agency, the Court grants Plaintiff leave to file a second amended complaint to state facts in support of any FTCA claim against the United States he wishes to pursue.

## C.      Challenge to Conviction and Request for Release

The Court construes Plaintiff's request to be released from custody as challenging the validity of his criminal conviction in *United States v. Viera*, ECF 1:14-CR-0083, 213 (ER) (S.D.N.Y. Apr. 8, 2021). A civil action under *Bivens* is not, however, the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction can be raised on direct appeal from the conviction or in a motion under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a Section 2255 motion to specify all of a movant's grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. Plaintiff's submission does not

comply with the requirements of Rule 2(b). The Court therefore declines to recharacterize this civil action as a motion under Section 2255, and dismisses without prejudice Plaintiff's claims that his rights were violated in connection with his conviction.

**D.**     **State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If Plaintiff fails to state a claim under federal law in the amended complaint, any state law claims Plaintiff may be asserting will be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**LEAVE TO REPLEAD**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to replead only: (1) his *Bivens* claims against Agent Riley; and (2) his FTCA claims against the United States. Plaintiff should: (1) reallege the facts supporting his claims; (2) show cause why any claims against Riley

should not be dismissed as time-barred; and (3) provide facts showing that he has exhausted his administrative remedies with respect to the FTCA claims.

## CONCLUSION

The Court dismisses Plaintiff's claims against the United States as barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court dismisses Plaintiff's claims against Judge Netburn and AUSA Martins on immunity grounds, 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]." ); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Court declines to recharacterize this civil action as a motion under Section 2255, and dismisses without prejudice Plaintiff's claims that his rights were violated in connection with his conviction.

The Court grants Plaintiff 30 days' leave to replead his *Bivens* claim against defendant Riley and his FTCA claim against the United States, as outlined in this order.

Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-01862 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Clerk of Court is instructed to hold this matter open on the docket until a judgment is entered.

Because the submission makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 14, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                     Chief United States District Judge