UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WIGBERTO E. VIERA,

               Plaintiff,

-against-

UNITED STATES OF AMERICA,

               Defendants.

24-CV-1862 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is incarcerated at FCI McKean in Pennsylvania, is proceeding *pro se* and *in forma pauperis* ("IFP"). He filed this action under the Court's federal question jurisdiction, alleging that Defendants violated his constitutional rights, and he later submitted an amended complaint.[1] By order dated May 14, 2024, the Court dismissed the amended complaint for failure to state a claim, as untimely, and on immunity grounds, and granted Plaintiff leave to replead his claims in a second amended complaint. Plaintiff filed a second amended complaint, a letter, and a supplemental affidavit, at which point the matter was reassigned to this Court's docket. The Court has reviewed Plaintiff's new submissions (ECF 10-12), and dismisses the action for the reasons set forth below.

## BACKGROUND

        On August 27, 2019, a jury in this court convicted Plaintiff of participating in a narcotics and weapons conspiracy, after which he was sentenced to 180 months of imprisonment and three years of supervised release. *See United States v. Viera*, ECF 1:14-CR-0083, 213 (ER) (S.D.N.Y.

---

[1] Plaintiff's original complaint, which is dated February 29, 2024, is deemed filed as of that date under the prison mailbox rule. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005).

Apr. 8, 2021), *aff'd.*, 21-957-cr (2d Cir. July 6, 2022). In this civil action, Plaintiff filed an amended complaint against the United States of America, Drug Enforcement Agency ("DEA") Agent Todd Riley, Assistant United States Attorney (AUSA) Tatiana R. Martins, and Judge Sarah Netburn, alleging that they violated his federally protected rights and seeking release from custody and money damages. (ECF 6.) According to Plaintiff, Agent Riley "fraudulently presented a criminal complaint approved by" AUSA Martins, and together they "swindled" Judge Netburn into "supporting" Plaintiff's false imprisonment. (*Id.* ¶¶ 6-8.)

By order dated May 14, 2024 order,[2] the Court construed Plaintiff's claims as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act 28 U.S.C. §§ 1346(b)(1), 2680 ("FTCA"), and dismissed the amended complaint with leave to replead. (ECF 7.) In the order, the Court held that (1) the amended complaint was untimely filed with respect to Plaintiff's claim that in 2013 and 2014, DEA Agent Riley ensnared Plaintiff in a sting operation and engaged in other misconduct that led to Plaintiff's entrapment and false arrest; (2) Judge Netburn, AUSA Martins, and the United States were immune from suit; (3) Plaintiff had failed to allege facts showing that he had exhausted his administrative remedies before bringing an FTCA claim; and (4) to seek release from custody, Plaintiff needed to file a motion to vacate the sentence under 28 U.S.C. § 2255.[3] (ECF 7.) That order further noted that the criminal docket showed that Magistrate Judge Netburn

---

[2] The Court assumes familiarity with that order, which provides more details about Plaintiff's factual allegations and its reasons for dismissing the amended complaint with leave to replead.

[3] The Court explicitly declined to address the merits of Plaintiff's claims under *Bivens* or whether his claim for damages was barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment. (ECF 7 at 4, 6.)

signed a criminal complaint in which Agent Riley requested that "an arrest warrant issue" as to Plaintiff and other defendants in that matter. *See* No. 14-CR-0083, ECF 1 at 8.

In Plaintiff's amended pleadings and supporting documents, he names only the United States and Agent Riley. Plaintiff alleges that Agent Riley: (1) "directed" a "confidential witness" to "troll the streets of Camden, New Jersey in order to find the Plaintiff and to offer the Plaintiff an opportunity to violate the laws of the United States," and to record Plaintiff to "fraudulently establish" probable cause to arrest him; (2) stood by while another officer used excessive force during Plaintiff's arrest; and (3) arrested Plaintiff without a warrant. (ECF 12 at 5-7.)

With respect to the exhaustion of his FTCA claim, Plaintiff asserts that he filed an administrative claim with the United States Department of Justice ("DOJ") in June 2024, after he filed the original complaint in this action, and that the DOJ had not responded as of January 6, 2025. (ECF 12 at 1, 43-47). As to the apparent untimeliness of Plaintiff's claim against Agent Riley, Plaintiff asserts that on January 26, 2024, he wrote to the Records Office of this court seeking "copies of the Arrest Warrant, Testimony, or Transcript regarding the Warrant" in his case, and that by letter dated February 1, 2024, the Record's Office informed Plaintiff that those documents were "not filed in these cases' docket." (ECF 12 at 28-29, 56.) Plaintiff appears to suggest that his cause of action against Agent Riley did not accrue until the date he received this letter, in February 2024, and that he timely filed this action. (*Id.* at 2.)

## DISCUSSION

For the reasons discussed below, Plaintiff's amended pleadings do not remedy the deficiencies identified in the May 14, 2024 order.

3

A.     **The FTCA claim against the United States is dismissed without prejudice for failure to exhaust administrative remedies**

Before bringing a claim under the FTCA in a federal district court, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and receiving a final written determination. *See* 28 U.S.C. § 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* Section 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), the FTCA's time limits "are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Here, Plaintiff alleges that he filed an administrative claim with the DOJ in June 2024, after he filed his initial complaint in this court on February 29, 2024. (ECF 12 at 43-47). He thus acknowledges that he did not comply with the jurisdictional requirement that he exhaust his administrative remedies *before* seeking relief in this court under the FTCA. The Court therefore dismisses Plaintiff's FTCA claim against the United States for failure to comply with the statute's exhaustion requirement. This dismissal is without prejudice to Plaintiff's refiling an FTCA claim, should he wish to do so. The Court takes no position on the merits of any such claim.

B.     **The *Bivens* claim against DEA Agent Riley is dismissed as untimely**

A three-year statute of limitations applies to claims brought under *Bivens*, *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015), and such claims accrue when a plaintiff knows or has

4

reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," such as when such as when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The allegations in the amended pleadings do not suggest that the statute of limitations should be equitably tolled in this case with respect to any claims arising more than three years before Plaintiff filed this action on February 29, 2024. The facts giving rise to Plaintiff's allegations against Agent Riley – that he unlawfully relied on a confidential informant to entrap him, falsely arrested him without probable cause, and stood by while Plaintiff was subjected to excessive force – were known to Plaintiff well before he received the letter from this court's Records Office stating that it could not provide him with a copy of the arrest warrant. In other words, Plaintiff knew or had reason to know of Agent Riley's alleged misconduct when it occurred, or close in time to when it occurred, yet Plaintiff did not file this complaint until February 29, 2021.

Although Plaintiff alleges that Agent Riley committed "fraud" in connection with the sting operation against him, he does not allege that Agent Riley fraudulently concealed the fact that Plaintiff had a cause of action, or induced him to forego a lawsuit until the statute of limitations expired, nor does Plaintiff allege facts showing that he pursued his rights diligently. For these reasons, the Court dismisses the *Bivens* claim against Agent Riley as untimely.

**FURTHER LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

For the reasons set forth in this order and in the May 14, 2024 order, the Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The FTCA claim is dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   August 11, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge